## McDonald, et al., Appellants, *v.* Washington.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*George B. Stegenga,* with him *George I. Bloom* and *Bloom, Bloom & Yard,* for appellants.

*Francis H. Patrono,* for appellee.

OPINION PER CURIAM, November 20, 1950:

Gladys McDonald and Jesse C. McDonald, husband and wife, appellants, instituted this action in trespass against the City of Washington, appellee, to recover for damages sustained as a result of a fall by wife-appellant on an exposed portion of a drain pipe in Extension Avenue, an unimproved street within the city. At the close of appellants' case, the trial judge granted the City's motion for a compulsory nonsuit. These appeals are from the decree of the court below refusing to remove the non-suit.

Appellants, on July 26, 1946, between 9:30 and 10:00 p.m. were returning to their home on Extension Avenue in the City of Washington, Pennsylvania. Extension Avenue is an unpaved thoroughfare which runs east and west and comes to a dead-end at an alley. The Avenue is not evenly graded but higher in the center and slopes toward the sides. There are gutters on either side of the street. The McDonalds' house where they have lived for more than 2 years is approximately 52 feet from the alley and on the north side of the Avenue. There are no sidewalks between their house and the alley. Appellants entered the Avenue and proceeded westerly up a steep hill.

Approximately 12 feet from the alley on the left or southerly side of the Avenue is a 10 or 12 inch drain pipe placed diagonally northeastward. The outlet is on the north side at the alley intersection. On the left side, it is exposed 5 or 6 inches above the roadway, the exposed portion being smooth and shiny. Appellants had known of the condition of the roadway and the pipe for at least two years prior to the accident.

Appellants had proceeded about 12 feet up the hill when the husband observed a car approaching over the brow of the hill 100 feet ahead. It proceeded toward them on its right-hand side of the road. Husband-appellant was at that time in the center of the road,

his wife near to him on his left-hand side and stepping across the pipe. Both jumped to their left away from the oncoming car. As the husband did so, the car brushed his coat-tail. When the wife jumped her foot "struck something smooth and round". She slipped and fell upon this pipe.

Appellants contend that the issue of proximate cause should have been submitted to the jury. This contention cannot be sustained. After a careful review of the testimony, this Court is of opinion that even though negligence of the City be assumed for the purpose of this appeal, appellants have failed to establish that such negligence was in any way the proximate cause of the injuries sustained.

The court below properly stated that the "sole cause of the accident was the rapid approach and closeness of the automobile which negligently ran the plaintiffs off the road into a place of which they had full knowledge. The city is not liable for failing to foresee the negligence of the driver and furnish a safe and convenient place for pedestrians forced to precipitately leave the roadway."

Judgment affirmed.